UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES HUNTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:18-CV-205-PPS-MGG |
| | ) |
| WEXFORD HEALTH SOURCES, | ) |
| LIAW, and HUTCHISON, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Charles Huntley, a prisoner without a lawyer, filed a complaint alleging the defendants denied him medical treatment in violation of the Eighth Amendment. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Huntley alleges Dr. Liaw performed surgery on him on September 29, 2017, to remove a bullet from a 10-year-old gunshot wound that was pressing against a nerve. A month later, Huntley still suffered from severe hip pain "that throbbed down his right leg, including inside his right foot." ECF 2-5 at 3. He submitted health care request

forms on October 29 and 31, 2017, asking to see a doctor. On November 13, 2017, after not receiving a response to his requests, he filed a grievance against Defendant Hutchison, the sick call nurse, for failing to conduct an examination, refer him to a doctor, or issue non-prescription pain medication. The following day, he was seen by Liaw who ordered blood work, but did not prescribe pain medication. Huntley's blood was not drawn until November 28, 2017. *Id.* at 5.

Huntley asserts Nurse Hutchison and Dr. Liaw were deliberately indifferent to his serious medical needs by denying treatment for his hip and leg pain. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Here, Huntley has stated a plausible claim that defendants Hutchison and Liaw were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

The complaint also names Wexford Health Sources as a defendant. However, Wexford is not mentioned in the body of the complaint. It is not described as having done, or failed to do, anything. It is not named in the paragraphs listing the claims against Hutchison and Liaw. Neither is it mentioned in the prayer for relief. Therefore Wexford must be dismissed.

For these reasons, the court:

(1) GRANTS Charles Huntley leave to proceed against Hutchison in her individual capacity for compensatory and punitive damages for denying medical treatment of his hip and leg pain from October 29, 2017, to November 13, 2017, in violation of the Eighth Amendment;

(2) GRANTS Charles Huntley leave to proceed against Liaw in his individual capacity for compensatory and punitive damages for denying medical treatment of his hip and leg pain from November 14, 2017, to November 28, 2017, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Wexford Health Sources;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on and Hutchison and Liaw at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2-5) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Hutchison and Liaw respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 10, 2018.

/s/ Philip P. Simon  
Judge  
United States District Court