UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES HUNTLEY,

               Plaintiff,

               v.                              CAUSE NO.: 3:18-CV-205-PPS-MGG

WEXFORD OF INDIANA, LLC,
ANDREW LIAW, and KATHARINE
HUTCHISON,

               Defendants.

## OPINION AND ORDER

On March 22, 2018, Charles Huntley, a prisoner without a lawyer, began this case
when he filed a complaint describing events which occurred in 2017. I screened the
complaint and allowed him to proceed on two claims: one against Nurse Hutchison for
denying medical treatment of his hip and leg pain from October 29, 2017, to November
13, 2017; and the other against Dr. Liaw for denying medical treatment of his hip and
leg pain from November 14, 2017, to November 28, 2017. I dismissed Wexford Health
Sources because he had not made any allegations against it.

On June 6, 2018, Huntley filed an amended complaint attempting to add two
additional defendants. After screening it, I again granted him leave to proceed against
Nurse Hutchison and Dr. Liaw, but slightly modified the dates in 2017 based on his
new allegations as to when the events are alleged to have occurred. I also allowed him
to proceed against Wexford because the amended complaint alleged his medical
treatment had been delayed and denied because of its policies and practices. However I

dismissed his claims against Healthcare Administrator DeAngla Lewis and Warden Mark Sevier because neither had been personally involved in his medical treatment.

Now, for the first time in this case, Huntley is alleging he has been continuously denied medical treatment for pain and numbness in his right hip and leg. He is asking to amend his complaint to add another doctor and he is seeking both a permanent and a preliminary injunction.[1]

As an initial matter, none of his current (ECF 21, 22, 22-1, 22-2, 23, 24, and 25) filings are signed. Curiously, his unsigned affidavit (22-1) is notarized. It is unclear how the notary could have attested to witnessing the signing of the unsigned document. Nevertheless, Federal Rule of Civil Procedure 11(a) requires that every filing be signed. On each of these documents, Huntley typed his name on the signature lines: "s/Charles Huntley." Perhaps he did this because it appears that is how lawyers sign their filings. However, the typed name of an attorney on an electronically filed document is not a sufficient signature for purposes of Rule 11. Instead, the "attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney/participant's signature for Rule 11 and other purposes." Northern District of Indiana CM/ECF Civil and Criminal User Manual I.C. Because Huntley does not have a CM/ECF username and password, he must physically sign all

---

[1] Huntley filed two motions (ECF 22 and 26) within a few days of each other. Both are asking to file different amended complaints. Because a "new complaint supersedes all previous complaints and controls the case from that point forward" it is unnecessary for me to address the first motion and its proposed amended complaint. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009) *quoting Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Unfortunately, because of a docketing error, the first one was docketed second. This is why the older one (ECF 22) has a lower ECF number than the newer one (ECF 26).

of his filings. But the lack of a signature is a curable defect and given the ongoing medical nature of his claims, I will not delay reviewing his filings.

Huntley alleges that he suffers from "severe nerve pain and numbness" in his right leg. ECF 22-2 at 7. He says he has "excruciating pain followed by total numbness that last[s] for several hours at a time, every day." ECF 22-2 at 3. Because none of his allegations against Nurse Hutchison have changed, it is unnecessary to recount them here. So too, his allegations against Dr. Liaw and Wexford are substantially the same. The only significant change is to expand the denial of medical treatment from 2017 into 2018. My analysis of these claims and explanation for allowing Huntley to proceed on them are in my previous screening order. *See* ECF 16.

What is new is his addition of Dr. Jackson. On March 8, 2018, Dr. Jackson diagnosed Huntley with neuropathy and prescribed Cymbalta. For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

The symptoms of neuropathy include both pain and numbness caused by nerve damage. National Institutes of Health, Medline Plus, peripheral neuropathy, https://medlineplus.gov/ency/article/000593.htm. Given that Huntley alleges he has nerve pain and numbness, it is unclear why he believes Dr. Jackson's diagnosis was not based on professional judgment. It is clear Huntley thinks prescribing Cymbalta was

unreasonable because it is a psychotropic medication. Cymbalta is the brand name for the generic drug Duloxetine. Though it is used to treat depression and anxiety, it is also prescribed for neuropathy and fibromyalgia because it can "stop the movement of pain signals in the brain." National Institutes of Health, Medline Plus, Duloxetine, https://medlineplus.gov/druginfo/meds/a604030.html.

When Cymbalta proved ineffective, Dr. Jackson changed his medication to Pamelor on April 24, 2018. Again, Huntley objects because it too is a psychotropic medication. Pamelor is the brand name for Nortriptyline. Though it is used to treat depression and panic disorders, it is also prescribed for "burning, stabbing pains, or aches . . .." National Institutes of Health, Medline Plus, Nortriptyline, https://medlineplus.gov/druginfo/meds/a682620.html. When it proved ineffective, Dr. Jackson prescribed Tylenol on May 18, 2018. Tylenol is also called Acetaminophen which "is used to relieve mild to moderate pain . . . by changing the way the body senses pain and by cooling the body." National Institutes of Health, Medline Plus, Acetaminophen https://medlineplus.gov/druginfo/meds/a681004.html. This was the last interaction Huntley had with Dr. Jackson. A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Based on these allegations, Huntley has not stated a claim against Dr. Jackson. However, the amended complaint does expand the duration of his claims against Dr. Liaw and Wexford, add claims for injunctive relief, and continue his

claims against Nurse Hutchison. Therefore he needs to file a signed copy of his amended complaint.

Finally, Hutchison seeks a preliminary injunction requiring that he be provided with adequate medical treatment for his hip and leg pain and numbness. "The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Before I can rule on this motion, Huntley needs to file a signed copy and I need more information. Dr. Liaw needs to provide me with medical information about how the nerve pain and numbness in Huntly's right hip and leg are being treated.

For these reasons, the court:

(1) GRANTS Charles Huntley leave to proceed against Katharine Hutchison in her individual capacity for compensatory and punitive damages for denying medical treatment of the nerve pain and numbness in his right hip and leg from October 29, 2017, to November 14, 2017, in violation of the Eighth Amendment;

(2) GRANTS Charles Huntley leave to proceed against Andrew Liaw in his individual capacity for compensatory and punitive damages for denying medical treatment of his nerve pain and numbness in his right hip and leg from November 14,

2017, to March 7, 2018, and from June 5, 2018 to present, in violation of the Eighth Amendment;

(3) GRANTS Charles Huntley leave to proceed against Wexford Health Sources for compensatory and punitive damages for policies and practices which delay and deny medical treatment of the nerve pain and numbness in his right hip and leg in violation of the Eighth Amendment;

(4) GRANTS Charles Huntley leave to proceed against Dr. Andrew Liaw in his official capacity as his treating physician at the Westville Correctional Facility for injunctive relief to obtain medical treatment for the nerve pain and numbness in his right hip and leg as required by the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Dr. Jackson;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Katharine Hutchison, Andrew Liaw, and Wexford of Indiana, LLC, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(8) ORDERS Dr. Andrew Liaw to file an affidavit or declaration (with additional reports and/or medical records as necessary) by **September 6, 2018**, explaining the medical condition of Charles Huntley and how the nerve pain and numbness in his right hip and leg is currently being treated;

(9) DENIES AS MOOT the earlier filed motion (ECF 26) to amend;

(10) DENIES the unsigned motions (ECF 22 and 24) with leave to refile signed copies;

(11) DIRECTS the clerk to send Charles Huntley a copy of ECF 21, 22, 22-1, 22-2, 23, 24, and 25;

(12) ORDERS Charles Huntley to return a signed copy of ECF 21, 22, 22-1, 22-2, 23, 24, and 25 by **September 6, 2018**; and

(13) CAUTIONS Charles Huntley if he does not return signed copies by the deadline, this order will be vacated and he will proceed solely on the claims addressed in the screening order of June 19, 2018 (ECF 16).

SO ORDERED on August 22, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT